IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY MUSTAFAH CHISLEY, #280-358, | * |
| Plaintiff, | * |
| v. | *   CIVIL ACTION NO.  DKC-04-2291 |
| SARGEANT COLEMAN, et al., Defendants. | * |

******

**MEMORANDUM**

Now before the court is a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed on behalf of Defendants.  Paper No. 16.   The motion, which was filed in lieu of an answer, will be treated as a contested motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See* Paper No. 19.  No hearing is needed to resolve the pending motion, pursuant to Local Rule 105.6 (D. Md. 2004).

It is established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that there is no genuine issue as to any material fact.  However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  *Celotex*, 477 U.S. at 322-323.  Therefore, in the instant case, it is Plaintiff's responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.  This he has done, bolstering the allegations in his Complaint concerning an assault

by SRT Officers, a lengthy confinement in three point restraints, and injuries alleged to have resulted from the August, 2003 incident. *See* Paper No. 23.[1]  Because the Eighth Amendment issue in this case cannot be answered based upon the parties' current submissions to the court, summary judgment cannot be granted at this time.

Defendants therefore shall answer the Complaint within thirty days. A separate Order will be entered in accordance with this Memorandum.

July 29, 2005 /s/
Date DEBORAH K. CHASANOW
United States District Judge

---

[1] Plaintiff's initial effort to counter Defendants' dispositive motion was lacking and Plaintiff was granted an opportunity to file an affidavit conforming to 28 U.S.C. § 1746.  This he has done by attaching an executed oath, declared under the penalties of perjury to a copy of his original "affidavit" and reaffirming the statements contained therein.  Paper No. 23.