IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY MUSTAFAH CHISLEY,        *
#280-358,
        Plaintiff,                     *

     v.                                     *   CIVIL ACTION NO.  DKC-04-2291

SARGEANT COLEMAN, et al.,            *
        Defendants.

                          ******

## **MEMORANDUM**

On July 29, 2005, this court denied Defendants' first Motion for Summary Judgment finding that Plaintiff had sufficiently bolstered the allegations in his Complaint concerning an assault by SRT Officers, a lengthy confinement in three point restraints, and injuries alleged to have resulted therefrom.[1]  Paper Nos 24 and 25.  A scheduling order was entered, discovery available, and defendants have filed a second Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed on behalf of Defendants.[2]  Paper No. 31.  Plaintiff has filed an opposition.  Paper No. 33.  No hearing is needed to resolve the pending motion, pursuant to Local Rule 105.6 (D. Md. 2004).

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that there is no genuine issue

---

[1]Because the Eighth Amendment issue could not be answered based upon the parties' submissions to the court, summary judgment was denied. *Id*

[2] There was no reason defendants could not have included the failure to exhaust administrative remedies argument at the time the first motion was filed.

as to any material fact.  No genuine issue of material fact exists, however,  if the nonmoving party fails to make a sufficient showing on an essential element of the case as to which he or she would have the burden of proof.  *See Celotex*, 477 U.S. at 322-323.  Therefore, in the instant case, it is Plaintiff's responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.  This he has done.

Defendants contend that the case must be dismissed because Plaintiff failed to exhaust his administrative remedies.  Paper No. 31.   The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Thus, the exhaustion provision plainly extends to Plaintiff's allegations.  His claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense.  *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  *See Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust,

where Plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners.  In certain circumstances, a prisoner may file the initial administrative remedy directly with the Commissioner of Correction if the inmate believes that harm would come to him or her if the complaint became known at the institution.  If the initial  request is denied, a prisoner has ten calendar days to file an appeal with the Commissioner of Correction.  If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office.  *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

In the instant case, Plaintiff attempted to file a grievance by sending his Administrative Remedy Procedure (ARP) directly to Division of Corrections headquarters, rather than filing the ARP with the ARP coordinator at his institution. Paper No. 31, Ex. 1.  Plaintiff's ARP, dated August 8, 2003,  was received at headquarters on August 14, 2003, well within the time for filing an initial ARP. *Id*., Ex. 1 and 2.  Plaintiff stated in this initial ARP that he was sending it directly to the Commissioner due to the seriousness of his allegations. He also requested an emergency response.

*Id.*, Ex. 1.  Notwithstanding these facts, and the fact that his ARP contained allegations of being assaulted by staff while restrained, the ARP was sent back to the institution for processing. *Id.*, Ex. 3.  The redirected ARP was not received in the institution until September 9, 2003, (*id.*, Ex. 1), at which time, in what can only be described as an Orwellian bureaucratic maneuver, the ARP coordinator dismissed the ARP as having been untimely filed. *Id.* Ex. 2.  Plaintiff timely appealed the actions of the ARP coordinator.  According to a declaration provided by Defendants, but unaccompanied by the document to which it must refer, Defendants acknowledge that the timely appeal was inexplicably denied by DOC headquarters on September 29, 2003. *Id.* Ex. 2.

Plaintiff's appeal of this dismissal to the Inmate Grievance Office (IGO), dated October 31, 2003, was received by the IGO on November 14, 2003, and dismissed as untimely purportedly because it was filed more than thirty days after the decision from Headquarters. *Id.* Ex. 5. This determination clearly was erroneous.  The Code of Maryland Regulations provides, in pertinent part that [a]n appeal from the administrative remedy procedure to the Office shall be filed within 30 days from the grievant's **receipt of a response** from the Commissioner, or within 30 days of the date the Commissioner's response was due." Md. Regs. Code title 12 § 07.01.06B (emphasis added).  There is no evidence before the court that Plaintiff received the denial of his appeal before October 1, 2003.  It strains credulity to believe that Plaintiff would have received the denial of his appeal from DOC headquarters on the day it was issued, or even on the day after.   As such, Defendants have not established conclusively that Plaintiff failed to exhaust administrative remedies.  It may well be that the denial of his appeal by the IGO was error.  Defendants cannot now succeed on this motion, contending that Plaintiff has failed to exhaust his administrative remedies, when at every turn employees of the Division of Correction have erred in processing the ARP.

Accordingly, the undersigned concludes that Plaintiff has made every effort to timely and properly exhaust his available administrative remedies.  The Eighth Amendment issues remain unanswered by the parties' submissions.  As such, summary judgment shall be denied and Plaintiff's pending Motion for Appointment of Counsel (Paper No. 29)  shall be granted.  A separate Order will be entered in accordance with this Memorandum.


\_\_1/23/06_____                          _____/s/_____
Date                                             DEBORAH K. CHASANOW
                                                 United States District Judge

5